### THE HARLEM CO-OPERATIVE BUILDING AND LOAN ASSOCIATION

*v.*

### EMILY F. FREEBURN.

1. The personal representative of a deceased mortgagor, because by law the mortgage debt is primarily charged on the personal assets, need not be made a party to a suit for the foreclosure of the mortgage.

2. Where the allegations of, and ends sought by, the bill show ground for a defendant executor, named as an individual, without official designation, in the prayer for process, being in court in a representative capacity, he or she will be regarded as being there in that capacity, but not otherwise.

On demurrer to bill.

The complainant's bill alleges that on the 2d of May, 1890, Archibald Freeburn, being indebted to the complainant in the sum of $5,500, together with his wife, Sarah, mortgaged to the complainant the fee of certain premises, situate in the city of Bayonne, in this state, to secure to it the payment of that money in manner 'specified in the bill; that on the 11th of August, 1892, Sarah, the wife of Freeburn, died; that on the 15th of April, 1895, Freeburn died, having remarried and leaving a widow named Emily F., and a son named William B. Freeburn; that on the 27th of May, in the same year, his will was proved before the surrogate of Hudson county, by which, after directing the payment of his just debts and funeral expenses and certain legacies to his son, he gave and devised the residue of his estate, real and personal, including the mortgaged premises, to his widow, Emily, and constituted her and one Alfred Haynes, executors of the will; that Haynes renounced the executorship and letters testamentary were issued to Emily Freeburn alone.   Emily F. Freeburn is the only defendant to the bill, which was filed August 8th, 1895.   In the prayer for process she is styled Emily F. Freeburn and is not there designated as the executrix of the

estate of her husband. The bill prays for answers from "said defendants," and that "they or some of them" may be decreed to pay the principal sum due on the bond and mortgage, with interest, and complainant's costs and charges, and, in default thereof, that the "said defendants" may be foreclosed of and from equity of redemption in the mortgaged premises and may deliver possession thereof &c., and that complainant may have other relief as may be just.

To this bill Emily F. Freeburn demurs upon the grounds—(1) "that the said complainants have not, in their said bill, prayed for any decree against this defendant;" (2) "neither doth said bill pray any answer from or relief against this defendant," and (3) "that Emily F. Freeburn, executrix of Archibald Freeburn, deceased, should be made a party defendant."

*Mr. Henry Traphagen,* for the demurrant.

*Mr. Samuel C. Mount, contra.*

THE CHANCELLOR.

It is clear that the first two grounds of demurrer are not well taken. By carelessness, the draughtsman of the bill has used a printed blank, covering the prayers of the bill, which deals in the plural, with defendants to a bill, and has neglected to make the necessary alterations in it to make the prayers treat of a single defendant. It may be possible, for reasons hereafter appearing, that he considered Mrs. Freeburn a defendant in double capacity and therefore to be treated in the plural. However this may be, it is obvious, upon inspection of the bill, that the styling of defendants in the plural was a mistake which, including the single defendant, does not lead to any confusion. Within the plural defendants, the bill does pray a decree against the demurrant and that she may answer.

The third ground of demurrer, that Mrs. Freeburn should be made a party as executrix of her husband's will, I also think is not well taken.

The personal representative of a deceased mortgagor, because

Harlem Co-operative Bldg. and Loan Asso. *v.* Freeburn.

by law the mortgage debt is primarily charged on the personal assets, need not be made a party to the foreclosure of the mortgage.   If the heir desires the benefit of having the personal estate applied in exoneration of the real, he must enforce the right by filing a bill.   *Story Eq. Pl.* §§ *175, 196 ; 1 Dan. Ch. Pr. 283; Duncombe* v. *Hansley, 3 P. Wms. 333 n.; Bradshaw* v. *Outram, 13 Ves. 234.*   But the mortgagee need not look to the personal assets of the estate.   He may proceed to foreclose the equity of redemption in the mortgaged premises in which the heir alone is concerned.   But it is urged that the executor, as the representative of the creditors of the mortgagor, should be made a party.

The argument is, that for a year after the death of the mortgagor his equity of redemption in the mortgaged premises is subject to the lien of his debts, in virtue of the statute (*Den* v. *Hunt, 6 Halst. 1; Bockover* v. *Ayres, 7 C. E. Gr. 1; Haston* v. *Castner, 4 Stew. Eq. 697; Trimmer* v. *Todd, 7 Dick. Ch. Rep. 426*), and, in this case, that the real estate is charged with the payment of debts by the will, because of its provision for their payment and the subsequent disposition of the residue of the estate as blended realty and personalty (*Stevens* v. *Flower, 1 Dick. Ch. Rep. 340*), and that this court will not proceed with the foreclosure suit until all existing encumbrancers, subsequent to the mortgage foreclosed, shall be made parties to the suit.   *Gould* v. *Wheeler, 1 Stew. Eq. 541; Vanderveer* v. *Holcomb, 2 C. E. Gr. 87.*

The primary difficulty with this position, and a difficulty which precludes the necessity of discussing the propositions presented, is, that upon demurrer we are confined to the allegations of the bill which are to be taken as true, and that it does not appear among the allegations of the present bill that there will be a deficiency of personal assets to pay debts, or, in fact, that there are any debts to pay.   It is true that the will contemplates debts, but it does not follow from that contemplation that there are, in fact, debts.

The complainant argues that the executrix is a party, because Emily F. Freeburn, against whom process is prayed, appears by

the allegations of the bill to be both executrix and devisee, and, that appearing, she need not be styled in these several capacities in the prayer for process; being brought into court in her proper name, she is there for all the purposes of the bill. It is true that she is in court for all the ends obviously sought by the bill. That is, she is in court as devisee, because, as such, she is the owner of the equity of redemption, but she is not there as executrix, because no allegation of the bill discloses a necessity for her being there in that character. As I have said, there is no charge of the existence of debts which the personalty will not satisfy, or of the existence of debts at all. The bill does not intimate a purpose to foreclose redemption by creditors, or by the executrix in their behalf.

Where the allegations of, and ends sought by, the bill show ground for a defendant, named as an individual in the prayer for process, being in court in a representative capacity, he or she will be regarded as being there in that capacity, but not otherwise. *Evans* v. *Evans, 8 C. E. Gr. 71; Ransom* v. *Geer, 3 Stew. Eq. 249; Plaut* v. *Plaut, 17 Stew. Eq. 18; White* v. *Davis, 3 Dick. Ch. Rep. 22.*

I will overrule the demurrer, with costs.